**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4401**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KENNETH A. WINGLE,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:13-cr-00018-HEH-1)

---

Argued:  March 20, 2014          Decided:  April 10, 2014

---

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:**  Peter Dean Eliades, ELIADES & ELIADES, Hopewell, Virginia, for Appellant.  Katharine M.E. Adams, UNITED STATES ARMY JAG CORPS, Fort Lee, Virginia, for Appellee.  **ON BRIEF:** Neil H. MacBride, United States Attorney, Alexandria, Virginia, Brian R. Hood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth A. Wingle appeals from the district court's decision affirming the magistrate judge's denial of his motion to suppress evidence seized during an inventory search following a traffic stop and arrest. For the reasons set forth below, we affirm the judgment of the district court.

I

Early on the morning of September 2, 2012, Wingle was driving on Route 36 adjacent to Fort Lee, Virginia and within the special territorial jurisdiction of the United States. Wingle stopped at a red light, and Officer Brian Michaels, a police officer with the Department of the Army, stopped next to him in an unmarked patrol car. When the light turned green, both cars accelerated with Wingle's car leading. Officer Michaels pulled up alongside Wingle's car and noticed it drifting toward his lane. Officer Michaels applied his brakes to avoid a collision and observed Wingle looking down toward his lap and a bluish-white light illuminated Wingle's face and chest.

Officer Michaels initiated a traffic stop. Upon approaching Wingle's car, the officer noticed a strong smell of alcohol and observed that Wingle had bloodshot eyes and that his speech was unusually slow and deliberate. The officer then requested that Wingle perform a field sobriety test; Wingle refused. Officer

Michaels informed Wingle that he was under arrest for driving under the influence of alcohol and asked him several times to exit his vehicle. After Wingle repeatedly refused, Officer Michaels forcibly removed him from the car and placed Wingle under arrest.

During an inventory search of Wingle's car, Officer Michaels found a glass smoking pipe in the glove compartment with what appeared to be (and was later confirmed to be) marijuana residue in the bowl. Officer Michaels cited Wingle with driving under the influence of alcohol, possession of marijuana, resisting arrest, and failure to maintain his lane of travel while driving.

Wingle was then charged in the United States District Court for the Eastern District of Virginia with one count of operating a motor vehicle under the influence of alcohol in violation of 18 U.S.C. § 13 and Va. Code. Ann. §§ 18.2-266ii and 18.2-270 (Count One); one count of possession of marijuana in violation of 21 U.S.C. § 844(a) (Count Two); one count of resisting arrest in violation of 18 U.S.C. § 111 (Count Three); one count of driving while operating a handheld cellular device in violation of 32 C.F.R. § 634.25(f) and Va. Code Ann. § 46.2-1078.1 (Count Four); and one count of failure to stay within one lane when operating a motor vehicle on a divided highway in

violation of 32 C.F.R. § 634.25(f) and Va. Code Ann. § 46.2-804 (Count Five).

Wingle moved the district court to suppress evidence found during the search of his car, arguing that Officer Michaels lacked probable cause or reasonable suspicion to initiate the traffic stop. The federal magistrate judge heard argument and denied Wingle's motion.[1] Wingle then entered into a conditional plea agreement with the government, agreeing to plead guilty to Counts One and Two and reserving the right to appeal the magistrate judge's decision. In conformity with the plea agreement, the magistrate judge adjudicated Wingle guilty with respect to Counts One and Two and imposed a sentence consisting of a $250 fine, a $25 special assessment, and one year of probation on Count One, and a $25 special assessment and one year of probation on Count Two.[2]

Wingle appealed the magistrate judge's decision to the district court judge, and the district court judge affirmed. Wingle timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

---

[1] The Federal Magistrates Act gives federal magistrate judges consent jurisdiction over petty offenses and misdemeanors. See 28 U.S.C. § 636(a)(3)–(5).

[2] Also consistent with the terms of the plea agreement, the government moved to dismiss the remaining counts against Wingle, and the district court granted that motion.

4

When considering an appeal from a district court acting in its capacity as an intermediate appellate court reviewing a magistrate judge's decision, we "apply to the magistrate [judge's decision] the same standard used by the district court" judge on the first appeal. United States v. Peck, 545 F.2d 962, 964 (5th Cir. 1977).

In a consent case proceeding under 28 U.S.C. § 636(a)(3)-(5), the scope of an appeal to the district court judge "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Accordingly, the district court judge reviewed the magistrate judge's findings of fact for clear error and conclusions of law de novo, viewing the evidence in the light most favorable to the government. See United States v. McBride, 676 F.3d 385, 391 (4th Cir. 2012). We apply the same standard. Id.

III

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Because an automobile stop is a seizure of a person, the stop must comply with the Fourth Amendment's requirement 'that it not be 'unreasonable' under the circumstances.'" United

States v. Wilson, 205 F.3d 720, 722–23 (4th Cir. 2000) (en banc) (quoting Whren v. United States, 517 U.S. 806, 810 (1996)). "As a result, such a stop 'must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct.'" Id. at 723 (quoting United States v. Hassan El, 5 F.3d 726, 729 (4th Cir. 1993)). "When an officer observes a traffic offense--however minor--he has probable cause to stop the driver of the vehicle." Hassan El, 5 F.3d at 730 (quoting United States v. Cummins, 920 F.2d 498, 500 (8th Cir. 1990)). The reasonable suspicion standard is "less demanding . . . than probable cause," and requires only "'specific and articulable facts which, taken together with rational inferences from those facts,' evince 'more than an 'inchoate and unparticularized suspicion or hunch' of criminal activity.'" United States v. Branch, 537 F.3d 328, 336 (4th Cir. 2008).

Officer Michaels stopped Wingle based upon his observation of Wingle's drifting as well as his texting while driving. Officer Michaels observed Wingle's car "drifting over towards [his] vehicle" and testified that Wingle "was drifting towards my lane to where I had to brake." (J.A. 44–45.) Officer Michaels further testified that "I felt that if I didn't apply my brakes, that his vehicle would have drifted and would have drifted into mine." (J.A. 45.) These specific, articulable observations, which the magistrate judge found credible, created at least a

6

reasonable suspicion giving Officer Michaels justification to initiate a traffic stop against Wingle for reckless driving and for failure to maintain a lane of travel. Thus, the traffic stop is justified under the Fourth Amendment unless Wingle can demonstrate that the magistrate judge clearly erred in accepting Officer Michaels' testimony as credible.

We "defer to a district court's credibility determinations, for 'it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress.'" United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (quoting United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995)). To overcome the magistrate judge's credibility determination, Wingle must provide affirmative, contradictory evidence establishing clear error. See United States v. McGee, 736 F.3d 263, 271 (4th Cir. 2013) (holding that a defendant's circumstantial evidence, while significant, was not enough to show clear error in the district court's acceptance of uncorroborated testimony of an officer).

Wingle argues that the magistrate judge's credibility finding is clearly erroneous because (1) the patrol car's dashboard camera does not show reckless driving or failure to maintain a single lane of travel; (2) at the time of the traffic stop, Officer Michaels mentioned only Wingle's texting as a justification for the stop; and (3) Officer Michaels admitted in

his testimony that he would not have initiated the stop for reckless driving alone because he did not believe that Wingle's conduct warranted that charge.

With respect to Wingle's first argument, because the dashboard camera was positioned to record only the area in front of the patrol car, the video recording does nothing to undermine the magistrate judge's finding that Officer Michaels' testimony was credible. Wingle argues that the video shows that Officer Michaels did not take any sudden or drastic maneuvers to avoid a collision. As the magistrate judge found, however, "the videotape does depict the officer's vehicle slowing to an extent that [Wingle's] vehicle moved in front of it, which is consistent with the officer's description of the events." (J.A. 118.) Because the videotape does not contradict Officer Michaels' testimony, it is insufficient to defeat the magistrate judge's credibility determination under McGee.[3]

---

[3] Wingle's evidence in this case is even weaker than that presented in McGee. In McGee, a police officer testified that he had initiated a traffic stop against the defendant because he observed an inoperative brake light on the defendant's car. 736 F.3d at 270. The district court accepted the officer's uncorroborated testimony despite the fact that the defendant offered evidence that subsequent testing of the brake lights after the traffic stop indicated that the lights were fully functional. Id. On appeal, we expressed that the defendant's evidence "that the brake light was not inoperative [was] significant" but ultimately concluded that the evidence was "nonetheless circumstantial and relie[d] on the untested reliability of a third party's recordkeeping." Id. at 271. Thus, (Continued)

8

With respect to Wingle's second argument, that at the time of the traffic stop, Officer Michaels mentioned only Wingle's texting as a justification for the stop, there is no constitutional requirement that an officer must inform a suspect of every reason for initiating a traffic stop. See Devenpeck v. Alford, 543 U.S. 146, 155 (2004) ("While it is assuredly good police practice to inform a person of the reason for his arrest at the time he is taken into custody, [the Court has] never held that to be constitutionally required."). Wingle implies that Officer Michaels' other justifications for the stop are post hoc fabrications designed to skirt the limitations of the then-applicable version of the Virginia texting-while-driving statute, which prohibited officers from issuing citations for violations of that statue without cause to stop or arrest the driver for some other infraction. See Va. Code Ann. § 46.2-1078.1(C) (2009). However, Officer Michaels' subjective intent in initiating the stop is irrelevant to our analysis under the Fourth Amendment. See United States v. Johnson, 734 F.3d 270, 275 (4th Cir. 2013) (holding that the reasonableness of a traffic stop under the Fourth Amendment "is an objective standard"). Officer Michaels' testimony established that

---

we concluded, the defendant in McGee had not carried his burden to show that the district court's credibility determination was made in clear error. Id.

Wingle's car drifted, causing Officer Michaels to anticipate a possible collision, creating reasonable suspicion to stop Wingle's vehicle for reckless driving. To show that the magistrate judge's credibility finding was clearly erroneous, Wingle must do more than raise inconsistent circumstantial evidence. See McGee, 736 F.3d at 271.

Wingle's third argument, that Officer Michaels admitted in his testimony that he would not have initiated the stop for reckless driving because he did not believe that Wingle's conduct warranted that charge, also fails. A "stop remains valid even if the officer would have ignored the traffic violation but for his other suspicions." Hassan El, 5 F.3d at 730 (quoting Cummins, 920 F.2d at 500). As the magistrate judge concluded, "Officer Michaels clearly had cause to charge [Wingle] with reckless driving, regardless of whether he ultimately did so." (J.A. 119.) An officer's exercise of discretion in making charging decisions has no impact on whether reasonable suspicion existed at the time of the stop. See Devenpeck, 543 U.S. at 154–55 ("Subjective intent of the arresting officer, however it is determined . . . , is simply no basis for invalidating an arrest."). Moreover, Officer Michaels explained that he did not charge Wingle with reckless driving because of his understanding of a Virginia state law policy of not charging reckless driving along with driving under the influence. In fact, Virginia state

10

law provides that when a person is charged with both reckless driving and driving under the influence as a result of the same acts and is convicted of one charge, the other charge must be dismissed. <u>See</u> Va. Code Ann. § 19.2-294.1. As with his subjective intent in initiating the stop or his exercise of charging discretion, Officer Michaels' reason for exercising his charging discretion--in this case a minor mistake of law--is irrelevant. <u>See</u> <u>Devenpeck</u>, 543 U.S. at 154–55.[4]

IV

For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.

---

[4] Because we conclude that Officer Michaels had cause to initiate the stop for reckless driving, we need not address whether the stop would have been justified based solely upon Wingle's texting while driving under the then-existing version of section 46.2-1078.1 of the Virginia Code.

11